[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the court on motion for summary judgment by Fleet National Bank ("Fleet") and on cross motion for summary judgment by Geller Associates, Inc., and Michael Strahm Architects ("plaintiffs") pursuant to R.C.P. 56.
Fleet moves for summary judgment declaring two marina slips, which are appurtenant to real property mortgaged to it, to be within the ambit of the mortgage, and thereby allowing defendant title to the slips upon foreclosure.
The plaintiffs move for summary judgment in their favor, contending that the mortgage held by Fleet did not include an interest in water or littoral rights, and accordingly Fleet did not obtain any such rights appurtenant to the real estate. Therefore, plaintiffs argue that they should be allowed to foreclose on said littoral rights, since they are junior mortgage holders whose mortgages do include such rights.
In considering whether to grant a motion for summary judgment, the court must review the pleadings, affidavits, memoranda, and other appropriate evidence and all reasonable inferences that may be drawn therefrom in a light most favorable to the non-moving party. Rustigian v. Celona, 478 A.2d 187, 189 (1984). The court must decide whether or not a genuine issue of material fact exists. Id. If the party opposing the motion establishes either by affidavit or by other means that a material issue of fact exists, then the court must deny the motion.Grissom v. Pawtucket Trust Company, 559 A.2d (R.I. 1989).
The real estate in question, known as marina units 6 and 7, consists of two lockers, each approximately one square foot in size, which are located on the property mortgaged to Fleet. A one foot wide easement along the north portion of Pier Properties which abuts Newport harbor connects the land on which the lockers are located with the appurtenant right to use the slips. This easement, owned by Lee's Wharf, was granted by Pier Properties in December, 1987. This easement contained a grant of appurtenant littoral rights. These facts are not in dispute.
The plaintiffs contend that the Fleet mortgage, granted contemporaneously with the easement, excludes the littoral rights from the mortgage because it makes no mention of the rights. This court cannot agree with the plaintiff's conclusion, however, in light of the General Laws of Rhode Island section 34-11-28:
 In any conveyance of real estate all rights, privileges and appurtenances belonging or appertaining to the granted estate shall be included in the conveyance, unless a different intention shall clearly appear in the deed, and it shall be unnecessary to enumerate or mention them either generally or specifically.
The plaintiffs argue that the title attorney apparently made a conscious decision to delete that portion of the property description containing a grant of littoral rights. However, that evidence is extrinsic to the deed. Nothing in the deed itself evidenced any intent not to transfer said rights. While rebuttal is possible there must be clear evidence that can be found from the deed itself that such rights were not intended to be transferred. R.I.G.L. 34-11-28.[1] There is no such evidence in this instance.
Furthermore, if this court were to agree with the plaintiffs, the plaintiffs would be entitled to mere appurtenant rights with no means of accessing those rights. Moreover, absent evidence to the contrary in the deed itself, the court cannot conclude that Fleet intended to limit its first mortgage to two single square foot lockers, excluding therefrom the appurtenant slips which represent the true value of the mortgaged property.
In making its decision, this court is guided by what was conveyed in the mortgage deed. That deed is clear and unambiguous in providing that the mortgaged property consists of all easements, . . . privileges, hereditaments, and appurtenances belonging to or inuring to the benefit of the subject property.
Thus, upon full consideration of all relevant evidence in the light most favorable to the plaintiffs, this court finds that the presumption that littoral rights are conveyed with the real estate cannot be rebutted in this instance. Thus, the littoral rights to units M-6 and M-7 were included in the mortgage to Fleet.
Further, plaintiffs argue that since the Fleet mortgage was specifically made subject to the easement that in fact Fleet excluded from the mortgage rights appurtenant thereto. That is not the result for the reasons discussed above. The mortgage was obviously made subject to the easement to recognize the rights of third parties to access their respective slips.
This court also finds that the marina slips located on the littoral area are merely limited common elements of the condominium units which cannot, under the terms of the condominium declaration, be severed from the units. See
Condominium Declaration at 7.10 and 5.1. (Exhibit "C")
In conclusion, the court grants Fleet's motion for summary judgment and denies plaintiff's motion for summary judgment. Counsel are directed to prepare an order that incorporates such decision.
[1] See Lebel v. Nelson, 560 N.E.2d 135, 137 (Mass. App. Ct. 1990); Haynes v. Carbonell, 532 So.2d 746, 748 (Fla. App. 3 Dist. 1988); Williams v. Skyline Development Co., 288 A.2d 333, 351-52 (Md. 1972); Tri-State Enterprises, Inc. v. Berkowitz,182 So.2d 40, 43 (Fla. App. 2 Dist. 1966); Owen v. Hubbard,260 Md. 146, 271 A.2d 672, 676 (1970) which recognize that a severance of riparian or littoral rights cannot be inferred from a deed that is silent in that regard.